37588. COGGINS *v.* THE STATE.

DECIDED MARCH 20, 1959—REHEARING DENIED APRIL 1, 1959.

350

*Charlie Franco, Marvin O'Neal, Jr.,* for plaintiff in error.
*Paul Webb, Solicitor-General. Carter Goode, Eugene L. Tiller,* contra.

GARDNER, Presiding Judge. ■ The evidence, when considered from every standpoint, is sufficient to sustain the verdict.

■ Special ground 1 assigns error because the court refused to allow a witness for the State to answer the following question asked by counsel for the defendant on cross-examination: "Now, isn't it true that he told you about coming back to get some books?" Counsel for the defendant contends that, had the witness been permitted to answer the question, counsel probably would have been able to have shown that the defendant had an explanation of his presence at the scene of the alleged crime,— as part of the res gestae. Counsel cites as authority for this position *Mitchum* v. *State,* 11 *Ga.* 615, wherein the Supreme Court stated that declarations are not required to be precisely concurrent in point of time in order to be a part of the res gestae. The rule as to the acceptance or rejection of declarations in this field of law is hard, if not impossible, to set out. However, such declarations must be contemporaneous with the transaction, and admission or rejection of such declarations, as stated in *Mitchum*

v. *State,* supra, is a question for judicial discretion. No precise point of time can be fixed as to where the res gestae ends. Each case turns on its own facts and circumstances. See *Hall* v. *State,* 48 *Ga.* 607, and *Sullivan* v. *State,* 101 *Ga.* 800 (2) (29 S. E. 16). This special ground is not meritorious.

■ Special ground 2 assigns error because the court refused to allow the codefendant Cain, who was testifying as a witness for the State but was on cross-examination, to answer the following question: "Didn't you tell Lindsey that you had been there that morning and he said he didn't remember?" (The evidence discloses that the word "there" refers to a drinking place.) Counsel insists that, had the witness been allowed to answer the question, the answer would have developed information that the defendant was under the influence of intoxicants to such an extent as to be unable to form an intent to commit the crime alleged. There is nothing in the record to show that the answer would have helped the defendant, and the refusal of the court to allow the codefendant Cain to answer could not have harmed the defendant, in view of the whole record. This special ground is not meritorious.

The court did not err in any of the rulings.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs in the judgment.*